## PITTSBURGH PLATE GLASS CO. v. ALLIED CHEMICAL ALKALI WORKERS OF AMERICA, LOCAL UNION NO. 1, et al.

### Civ. A. No. 27958.

United States District Court,
N. D. Ohio, E. D.
June 5, 1951.

Thos. E. Lipscomb, Cleveland, Ohio, Brouse, McDowell, May, Bierce & Wortman, Akron, Ohio, for plaintiff.

Smoot & Riemer and Mortimer Riemer, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is an action to recover damages for an alleged breach by defendants of a collective bargaining agreement between the parties. It arises out of a work stoppage which occurred at plaintiff's limestone mine from January 10, 1951 to January 27, 1951. Plaintiff charges defendants with participation in, and encouragement of, this work stoppage in violation of Article 30, Sections 1 and 2, of the agreement.

In preparation for trial, plaintiff has been taking the depositions of various persons who participated in the work stoppage. Defendants now move the court for an order terminating, or in the alternative, limiting the scope of, further examination of witnesses by plaintiff on the ground that the examination is being conducted "in bad faith and in such manner as unreasonably to annoy, embarrass and oppress the defendants".

The record of this examination to date makes it clear that plaintiff has gone far enough in its present line of inquiry. Twenty-three witnesses have been examined, and their testimony comprises over one thousand pages. This lengthy examination has been both an expense to and burden upon defendant union and the witnesses. Also, at times the examination has gone too far afield. Plaintiff has inquired into details of alleged grievances against the Company, and into the activities of the witnesses on a so-called "picket line", without connecting up these matters with possible issues in the action.

Although the witnesses, members of defendant union, have been reluctant to testify, plaintiff has gained a disclosure of the information necessary to prepare its case. A continuation of the present line of inquiry can be only repetitious. Defendants are entitled to an order under Fed.

Rules Civ.Proc. Rule 30(b), 28 U.S.C.A. limiting the taking of further depositions in this action.

Plaintiff may take the depositions of the officers of defendant union who have been named individual defendants in the complaint. It is ordered that the examination otherwise be terminated.

Motion granted.